UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES DEAN BYARS, #234269,

Petitioner,

v.

CASE NO. 2:13-CV-11694
HONORABLE PAUL D. BORMAN

JEFFREY LARSON,

Respondent.
_________________________________/

**OPINION AND ORDER DENYING PETITIONER'S MOTION TO STAY, DISMISSING WITHOUT PREJUDICE THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

## I. Introduction

Michigan prisoner James Dean Byers ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the voluntariness of his no contest plea conviction for third-degree criminal sexual conduct which was imposed in the Washtenaw County Circuit Court. Petitioner was sentenced to five to 15 years imprisonment in 2011. This matter is before the Court on Petitioner's motion to stay the proceedings because he has filed a motion for relief from judgment in the state trial court concerning his conviction. For the reasons stated, the Court denies the motion to stay and dismisses without prejudice the petition for a writ of habeas corpus. The Court also

denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

## II. Analysis

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he or she seeks to present in a federal habeas proceeding to the state courts for review. The claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be raised in the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

In this case, Petitioner states that he has not exhausted all of his potential habeas claims in the state courts and that he has a motion for relief from judgment pending in the

state trial court concerning the conviction at issue in this case. Petitioner must complete the state court process before seeking habeas relief in federal court. *Witzke v. Bell*, No. 07-CV-15315, 2007 WL 4557674 (E.D. Mich. Dec. 20, 2007); *Harris v. Prelisnik*, No. 06-CV-15472, 2006 WL 3759945 (E.D. Mich. Dec. 20, 2006). Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon all of Petitioner's claims before he can present them in federal court. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.

Even if Petitioner's pending motion does not concern his current claims, that proceeding may result in the reversal of his conviction on another ground, thereby mooting the federal questions presented. *See Humphrey v. Scutt*, No. 08-CV-14605, 2008 WL 4858091, *1 (E.D. Mich. Nov. 5, 2008) (citing *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir.1983), and *Woods v. Gilmore*, 26 F. Supp. 2d 1093, 1095 (C.D. Ill. 1998)); *Szymanski v. Martin*, 99-CV-76196-DT, 2000 WL 654916 (E.D. Mich. April 13, 2000). Non-prejudicial dismissal of the petition, rather than a stay of the proceedings, is warranted under such circumstances.

Moreover, a stay is not necessary in this case because the one-year statute of limitations applicable to federal habeas actions, 28 U.S.C. § 2241(d), does not pose a concern. The United States Supreme Court denied certiorari on March 4, 2013. *Byars v.*

*Michigan*, _ U.S. _, 133 S. Ct. 1500 (March 4, 2013). Petitioner then had one year to file his federal habeas petition or seek additional state court review. 28 U.S.C. § 2244(d)(2). Petitioner dated his habeas petition on April 9, 2013. He apparently then filed a motion for relief from judgment in the state trial court, which remains pending. At this juncture, therefore, just over one month of the one-year limitations period has expired. Petitioner thus has sufficient time – more than 10 months – to file a new petition containing all of his habeas claims upon the completion of state court remedies. A stay is unwarranted.

**III. Conclusion**

For the reasons stated, the Court concludes that Petitioner has a matter pending in state court concerning the conviction at issue in this case and that a stay of the proceedings is unwarranted. Accordingly, the Court **DENIES** Petitioner's motion to stay the proceedings and **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. The Court makes no determination as to the merits of Petitioner's claims.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v.*

*McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed *in forma pauperis* on appeal as an appeal would be frivolous. FED. R. APP. P. 24(a). This case is closed.

**IT IS SO ORDERED**.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: July 17, 2013

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 17, 2013.

s/Deborah Tofil
Case Manager